UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

OCEAN FIVE CONDOMINIUM
ASSOCIATION, INC., *et al.*

　　　Debtor.

_____/

Chapter 11 Cases

Case No.:  25-15015-LMI

**U.S. BANK NATIONAL ASSOCIATION'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(458 Ocean Dr # 302, Miami Beach, FL 33139-6614)**

> **Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in this motion, pursuant to Local Rule 4001-1(C), will be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Nationstar Mortgage LLC as servicer for U.S. Bank National Association, as Trustee for MASTR ADJUSTABLE-RATE MORTGAGES TRUST 2007-3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-3, its successors and/or assigns, (the "Movant") seeks relief from the automatic stay, pursuant to 11 U.S.C. § 362(d), and states as follows:

1.　　On May 2, 2025, the Debtor filed the above-captioned Chapter 11 bankruptcy cases.

2.　　Jurisdiction of this matter is properly before this Court pursuant to 28 U.S.C. § 1334 and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

3.　　On February 5, 2007, Giulia Birol Ozyesilpinar (the "Borrower") executed a Note ("Note") and Mortgage ("Mortgage") in the principal amount of $794,000.00.  A copy of the Mortgage, together with the Note, and any applicable  Assignments, are attached as **Exhibit A**.

4.　　Movant is entitled to enforce the Note and Mortgage, which are secured by the

real property (the "Property") located at 458 Ocean Dr # 302, Miami Beach, FL 33139-6614 and further described as follows:

Condominium Unit 302, of OCEAN FIVE CONDOMINIUM, a condominium, according to the Declaration of Condominium thereof, filed under Clerk's File No. 2007R0016456, and recorded in Official Records Book 25252, at Page 3226, of the Public Records of Miami-Dade County, Florida and together with an undivided share in the common elements appurtenant thereto.

5.     As a result of the Borrower's failure to make the monthly payments due under the Note and Mortgage, Movant commenced a foreclosure action against the Borrower and other parties in the case captioned U S Bank National Association vs. Giulia Birol Ozyesilpinar as Trustee of The Boral, et al., Case No. 2024-013191-CA-01, in the 11th Judicial Circuit, in and for Miami-Dade County, Florida. Debtor is listed as a Defendant in Borrower's Foreclosure proceeding. A copy of the Foreclosure Docket is attached as **Exhibit B**.

6.     Movant is owed an outstanding principal balance of $641,377.25, plus applicable interest, penalties, fees and costs.

7.     The Debtor is not the borrower on the loan. The Debtor is a possible junior lienholder.

8.     Movant requests the entry of an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to permit Movant to enforce all of its in rem remedies against the Property on the basis that the Debtor is not adequately protecting Movant, and that the Debtor is not the borrower and cannot reinstate the loan.

WHEREFORE, Movant respectfully requests that this Court enter an Order granting the following terms:

A. To the extent the automatic stay under 11 U.S.C. § 362(a) applies to the relief requested by Movant, it is modified to authorize the Movant to pursue and otherwise enforce its in rem contractual and state law remedies, including, without limitation, to commence or continue to foreclose any lien recorded in favor of Movant, as to the Property.

B. The relief granted does not permit Movant to seek or obtain *in personam* relief against the Debtor.

C. The Court makes no findings as to either (a) the value of the Property, (b) the extent, priority, or validity of any lien against the Property, or (c) the amount of any claim that may be held by the Movant relating to the Property, including, without limitation, against any owner of the Property.

D. The entry of the Order shall neither waive, nor otherwise restrict or prevent the Debtor from pursuing, any of the Debtor's rights under the homeowner benefit agreements, recorded memoranda or other notices, and any related documents executed or recorded in favor of the Debtor's, including, without limitation, the right to pursue any claims against any surplus funds that may exist following any foreclosure sale of the Property.

E. The Court reserves jurisdiction to interpret and enforce this Order.

McCalla Raymer Leibert Pierce, LLP

By: _/s/Toni  Townsend_____

Toni  Townsend
Florida Bar No. 1022285
Attorney for Creditor
110 S.E. 6th Street, Suite 2400
Ft. Lauderdale, FL 33301
Phone:  (312) 346-9088 X5174
Fax:  312-803-9663
Email:  Toni.Townsend@mccalla.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on 01/29/2026 a true and correct copy of the foregoing was served as follows:

<u>By U.S. Mail, First Class to:</u>

Ocean Five Condominium Association, Inc.
448 Ocean Drive
Miami Beach, FL 33139
*Debtor*

Giulia Birol Ozyesilpinar
458 Ocean Dr # 302
Miami Beach, FL 33139-6614
*Party in Interest*

Law Office Of Mark S. Roher, P.A.
1806 N. Flamingo Road
Suite 300 Pembroke Pines, FL 33028
*Noticing / Claims Agent*

Harris J. Koroglu, Esq.
Shutts & Bowen LLP
200 South Biscayne Blvd.
Suite 4100
Miami FL 33131
*Noticing / Claims Agent*

20 Largest Unsecured Claim Holders

The Birol Ozyesilpinar Living Trust
c/o Jessie Young
2160 W Atlantic Ave
Delray Beach, FL
33445-4660

<u>By CM/ECF to:</u>

- Carol Lynn Fox     cfox@glassratner.com
- Dan L Gold     Dan.L.Gold@usdoj.gov
- Jennifer Laufgas     ecfflsb@aldridgepite.com
- Robert C Meyer     meyerrobertc@cs.com

- David A Nunez    david@nunez-law.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Mark S. Roher    mroher@markroherlaw.com

By:      _/s/Toni  Townsend_____
         Toni  Townsend