

**ORDERED in the Southern District of Florida on February 12, 2026.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:                                              CASE NO.: 25-15015-LMI
                                                    Chapter 11
Ocean Five Condominium Assn, Inc.                   [Subchapter V]
　　　　Debtor

_____/

**ORDER CONFIRMING THE DEBTOR'S
SUBCHAPTER V PLAN FOR REORGANIZATION**

This matter came before the Court on February 4, 2026 at 9:45 AM, to consider confirmation of the DEBTOR'S AMENDED SUBCHAPTER V PLAN (the "**Plan**") (Doc.73) filed on September 12, 2025 by the Debtor, Ocean Five Condominium Association, Inc. ("**Debtor**"). The Court has reviewed the evidence presented and the record of this case, including: (I) the confirmation affidavit of Carlos Herrera (Doc. 121), (ii) the certificate of proponent of plan (Doc.122), (iii) the live testimony of Carlos Herrera and Alvin Hagerich, reviewed the Objection to Confirmation ("**Objection**") filed by Birol Ozyesilpinar Living Trust Dated May 23, 2011 ("**Trust**") (Doc. 115) and received an ore tenus announcement at the hearing by Trust which withdrew the Objection and changed the vote to approving the Plan. Having considered the evidence presented, the arguments of counsel, and being otherwise fully advised in the premises, after notice and a hearing, the Court

finds and concludes as follows:

FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction.** The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code  and the Federal Rules of Bankruptcy Procedure ("**FRBP**").

B. **Venue.** Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (Doc. 93) were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "**Confirmation Deadlines**") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Objections to Confirmation.** Present at the hearing were the Trust through its counsel, the Subchapter V Trustee, the U.S. Trustee and the Debtor and its counsel.

E. **Proper Classification of Claims - 11 U.S.C. §§ 1122 and 1123.** The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes - 11 U.S.C. § 1123(a)(2).** The Plan specifies all classes or claims or interests that are not impaired under the plan.

G. **Specified Treatment of Impaired Classes - 11 U.S.C. § 1123(a)(3).** The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H. **No Discrimination - 11 U.S.C. § 1123(a)(4).** The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or

interest has agreed to a less favorable treatment of such claim or interest.

I.     **Implementation of the Plan - 11 U.S.C. § 1123(a)(5).**  Article 2.6 of the Plan provides adequate means for the Plan's implementation, which included a setoff against dues which were unpaid by Creditor.

J.     **Non-Voting Equity Securities/Allocation of Voting Power - 11 U.S.C. § 1123(a)(6).**  Not applicable.

K.     **Interests of the Creditors, Equity Security Holders, & Public Policy - 11 U.S.C. § 1123(a)(7).**  The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L.     **Assumption & Rejection - 11 U.S.C. § 1123(b)(2).**  Pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

M.     **Miscellaneous Provisions – 11 U.S.C. §§ 1123(b)(3), (4), and (5):**  Not applicable.

N.     **Additional Plan Provisions - 11 U.S.C. § 1123(b)(6).**  Each provision of the Plan is appropriate and consistent with the applicable provisions of the Bankruptcy Code.

O.     **Cure of Default – 11 U.S.C. § 1123(d).**  Not applicable

P.     **Principal Purpose of the Plan - 11 U.S.C. § 1129(d).**  The Plan's principal purpose is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

Q.     **Subchapter V Plan Requirements - 11 U.S.C. § 1189.**  Because the Plan  Debtor not later than 90 days after the order for relief under Chapter 11, the Plan complies with § 1189.

R.     **Contents of a Subchapter V Plan - 11 U.S.C. § 1190.**  In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.  The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtor to the supervision and control of the Subchapter V Trustee as is necessary for the execution of the Plan.

S.      **Satisfaction of Conditions - 11 U.S.C. § 1191(b).** The Court finds that, notwithstanding 11 U.S.C. § 510(a), the Plan (1) satisfies the applicable requirements of 11 U.S.C. § 1129(a), and (2) does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. As a result, the Plan is confirmed under § 1191(b). With respect to the applicable provisions of § 1129(a), the Court finds and concludes as follows:

1.      **11 U.S.C. § 1129(a)(1) and (a)(2).** The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2.      **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3.      **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4.      **11 U.S.C. § 1129(a)(5).** The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5.      **11 U.S.C. § 1129(a)(6).** Not Applicable.

6.      **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

7.      **11 U.S.C. § 1129(a)(9).** Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that the 11 U.S.C. § 507(a)(2) administrative claims will be paid.

8.      **11 U.S.C. § 1129(a)(11)**.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

9.      **11 U.S.C. § 1129(a)(12)**.  All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

T.      **Requirements for Secured Claims - 11 U.S.C. § 1191(c).** There are no secured claims in this estate.

U.      **Ability to Pay.** The Debtor will be able to make all payments under the Plan, or there is a reasonable likelihood that the Debtor will be able to make all payments under the Plan], and the Plan provides appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holder of claims or interests in the event that the payments are not made.

V.      **Plan Also Deemed Consensual.**  The *ore tenus* announcement which withdrew the Objection and the announcement to change the ballot to approval of the Plan by the Trust at the time of the hearing effectively made the Plan consensual under 11 U.S.C. § 1191(a).  The Court notes that the Code has not clearly allowed such amendment *after* the ballot deadline, but through the Court's inherent power treats the Plan as being confirmed under 11 U.S.C. § 1191(a) and U.S.C. § 1191(b).

Accordingly, the Court ORDERS:

1.      **Confirmation.** The plan is confirmed under 11 U.S.C. §§ 1191(a) and 1191(b).

2.      **Binding Effect of Plan.**  Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the debtor, and any creditor, whether or not the claim or interest of such creditor is impaired under the Plan.

3.      **Re-vesting of Property**.  Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor.  Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4.      **Post-Confirmation Operation of Business.**  Except as otherwise provided in the

Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. **Injunction and Discharge.** Because the Plan is confirmed under section 1191(b), and pursuant to 11 U.S.C. § 1192, as soon as practicable after completion by the Debtor of all payments due within five years as the Court may fix, unless the Court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter], the Court shall grant the Debtor a discharge of all debts provided in 11 U.S.C. § 1141(d)(1)(A), and all other debts allowed under 11 U.S.C. § 503 and provided for in the Plan, except any debt: (1) on which the last payment is due after the first three years of the plan, or such other time not to exceed five years fixed by the Court; or (2) of the kind specified in 11 U.S.C. § 523(a). To the extent the discharge provisions set forth in the Plan are inconsistent with this Confirmation Order, 11 U.S.C. § 1141(d), or any other provision of the Bankruptcy Code, this Order, 11 U.S.C. § 1141(d), 11 U.S.C. § 1192, and the Bankruptcy Code shall control.

6. **Disbursing Agent.** Under 11 U.S.C. § 1194(b), except as otherwise provided in the Plan or the Confirmation Order, the Trustee shall make payments under the Plan.

7. **United States Trustee Guidelines.** The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

8. **Effect of Confirmation Order on Plan.** The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9.  **Executory Contracts and Leases.** Except as otherwise provided in a separate order of the Court,  all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

10.  **Service of Confirmation Order**.  Robert Meyer  is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

11.  **Documents Required to Effectuate Plan.** The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

12.  **Modification After Confirmation. Under 11 U.S.C. § 1193(c)**, the Debtor may modify the Plan at any time within three (3) years or such longer time not to exceed five (5) years, as fixed by the Court], but may not modify the Plan so that the Plan as modified fails to meet the requirements of 11 U.S.C. § 1191(b). The Plan as modified becomes the Plan only if circumstances warrant such modification and the Court, after notice and a hearing, confirms such plan, as modified, under 11 U.S.C. § 1191(b).

13.  **Discharge of the Subchapter V Trustee.** Except as provided in the Plan or this Confirmation Order, the Subchapter V Trustee shall make payments to creditors under the Plan and shall not be discharged until such payments have been made. Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with 11 U.S.C. § 1194 and distribute any applicable payments in accordance with the Plan.

14.  **D&O Policy.** The bankruptcy stay shall not prohibit the Trust from seeking  state law remedies against any Director and Officer ("**D&O**") insurance policy or policies of the Debtor, including (i) StarNet Insurance Company, with a liability limit of $1,000,000.00 or (ii) Cincinnati Insurance Company, with a liability limit of $1,000,000.00 ("**D&O Actions**")  Recoveries from the D&O Actions shall neither be against the estate nor personally against the Debtor's directors or officers, and shall be limited to funds from the carrier(s).  If the Trust's combined recoveries from the D&O Actions and Plan's payments exceed the judgment amount (original or as adjusted by the appeal of the judgment), the excess shall be delivered by the Trust to the estate.

Confirmation of this Plan does not constitute a  release or discharge of obligations which may

CASE NO.: 25-15015-LMI
Page 8

be owed by either StarNet Insurance Company or Cincinnati Insurance Company under 11 U.S.C.
§ 524(e).

15.    **Appeal(s).**  The appeal(s) between the Trust and the Debtor in CASE: 3D2025-0603
are no longer stayed.

16.    **Jurisdiction.**  The Bankruptcy Court retains jurisdiction to:

a.    Resolve issues with respect to the Debtor's substantial consummation of the Plan
and to the extent the Debtor seeks to amend or modify the Plan;

b.    Resolve any motions, adversary proceedings, or contested matters, that are
pending as of the date of substantial consummation;

c.    Adjudicate objections to claims;

d.    Resolve disputes with respect to any and all injunctions created as a result of
confirmation of the Plan;

e.    Adjudicate modifications of the plan under 11 U.S.C. § 1193;

f.    Review and consider issues associated with the Debtor's final report and entry of
final decree, and to enter a final decree; and

g.    Enter such orders as the Court deems necessary or appropriate with respect to
enforcement of the Plan.

# # #

Submitted by:
Robert Meyer
Meyer & Nunez, PA
Attorneys for Debtor
101 N.W. 8th Street, Suite 200, Unit 12
Miami, Florida 33136
Phone No. (305) 772-9898

Robert Meyer  must serve a copy of the signed order on all parties served with the motion
and must file with the court a certificate of service conforming with Local Rule 2002-1(F).